**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS AND RAQUEL ROQUE,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | |
| **AND TERRI TORRES,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle And Property Insurance Company in Cause No. DC-16-06550, pending in the 298th Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1     On or about May 31, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Carlos and Raquel Roque v. Allstate Vehicle And Property Insurance Company and Terri Torres,* Cause No. DC-16-06550, pending in the 298th Judicial District Court of Dallas County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy with Allstate Vehicle And Property Insurance Company.

1.2     Plaintiffs served Defendant Allstate Vehicle And Property Insurance Company ("Allstate") with Plaintiffs' Original Petition and process on June 20, 2016, by process server on its registered agent, CT Corporation System.

1.3     Plaintiffs have not yet served Defendant Terri Torres ("Torres") with Plaintiffs' Original Petition.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-4" as identified on the Index of State Court Documents.

**A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT TERRI TORRES BECAUSE TERRI TORRES HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

1.5     Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of Dallas County in the State of Texas and thus, are citizens of Texas.  *See* Plaintiffs' Original Petition, ¶ 2.  On information and belief, Plaintiffs intend to continue residing in Texas and are thus domiciled in Texas.  See *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

1.6     Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

1.7     Upon information and belief, Defendant Terri Torres, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas.

**B.** **DEFENDANT ADJUSTER, TERRI TORRES, HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.**

1.8     With respect to the claims against adjuster Defendant Torres, it is Defendant Allstate's position that Torres has been fraudulently and/or improperly joined in this action and is therefore are not a proper party to this lawsuit.  Therefore, the Texas citizenship of Defendant Torres should be disregarded for the purposes of evaluating diversity in this matter.

1.9     The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.  *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).   Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

1.10     The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).  The court may conduct the test using a Rule 12(b)(6) type analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id.*  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and improper joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

1.11    Here, Plaintiffs fail to offer any specific facts in support of their claims against the adjuster Defendant Torres and therefore fail to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See* Plaintiffs' Original Petition, ¶15. Further, Plaintiffs' conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[1] Plaintiffs' Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

1.12    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiffs' failure to mention any actionable facts related to the conduct of the adjuster Defendant Torres constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that

---

[1] Compare ¶36-39 of Plaintiffs' Original Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> ****
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:
> (A) affirm or deny coverage of a claim to a policyholder; or
> (B) submit a reservation of rights to a policyholder;
> ****
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).  Based upon the foregoing, adjuster Defendant Torres has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

C.     **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

1.13     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in

controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

1.14   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendants are liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiffs' claim.

1.15   Plaintiffs have specifically pled that they are seeking monetary relief over $200,000, but not more than $1,000,000. *See* Plaintiffs' Original Petition, ¶5.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## II.
## THE REMOVAL IS PROCEDURALLY CORRECT

2.1   Defendant Allstate was served with Plaintiffs' Original Petition and process on June 20, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

2.2   Defendant Torres has not been served and therefore, Torres' consent to removal is not required.   Additionally, Torres has been fraudulently joined solely to defeat diversity jurisdiction.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

2.3   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

2.4   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

**NOTICE OF REMOVAL - PAGE 6**
2502367v1
00364.999

2.5     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

2.6     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## III.
## CONCLUSION

3.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle And Property Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Eric K. Bowers*
    Eric K. Bowers
    State Bar No.  24045538
    ebowers@thompsoncoe.com
    Roger D. Higgins
    State Bar No.  09601500, IL 6182756
    rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:      (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 20, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Samantha Fenwick
Samantha@simplyjustice.com
ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534

*/s/ Eric K. Bowers*
Eric K. Bowers

**NOTICE OF REMOVAL - PAGE 8**
2502367v1
00364.999