FILED
DALLAS COUNTY
5/31/2016 3:26:11 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. **DC-16-06550** _____

| | | |
|---|---|---|
| **CARLOS ROQUE AND RAQUEL ROQUE,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **DALLAS COUNTY, TEXAS,** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND TERRI TORRES,** | § § § § | **____ TH JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Carlos Roque and Raquel Roque, ("Plaintiffs"), and file this *Plaintiffs' Original Petition and Request for Disclosure*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Terri Torres ("Torres"), collectively ("Defendants"), and for causes of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2. Plaintiffs Carlos Roque and Raquel Roque are individuals residing in Dallas County, Texas.

3. Defendant Allstate is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Northbrook, Illinois. The causes of action



EXHIBIT
B-1

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE                                    PAGE 1

asserted arose from or are connected with purposeful acts committed by Defendant. Allstate may be served through its registered agent at: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Upon information and belief, Defendant Terri Torres is an individual engaged in the business of adjusting insurance in the State of Texas. This individual can be served at: 2775 Sanders Road, Suite BG, Northbrook, Illinois, 60062.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Allstate because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Terri Torres because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action asserted arose out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate and numbered 00082929408.

10.   Plaintiffs own the insured property, which is specifically located at 5022 East Rim Road, Dallas, Texas 75211, in Dallas County (hereinafter referred to as "the Property").

11.   Defendant Allstate sold the Policy insuring the Property to Plaintiffs.

12.   On or about May 9, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' composition shingle roof and its components sustained extensive damage during the storm.  Plaintiffs' home also sustained exterior damage during the storm, including damage to the fascia, window screens, wood shed, and fencing. Plaintiffs filed a claim, in accordance with the terms of the Policy, with their insurance company, Defendant Allstate, for the damages to their home caused by the Storm.

13.   Plaintiffs submitted a claim to Defendant Allstate against the Policy as referenced in paragraph 9 above, for Roof Damage, Structural Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm, which was designated as claim no. 0390011970.

14.   Plaintiffs asked that Defendant Allstate cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and its accompanying components, and repair and/or replacement of the fascia, window screens, wood shed, and fencing of the Property, pursuant to the Policy.

15.   Defendant Allstate assigned Defendant Terri Torres to adjust the claim. Defendant Torres was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Defendant Torres conducted a substandard inspection of Plaintiffs' property.

16.   The inadequacy of Defendant Torres's inspection is evidenced by the fact that the report of November 14, 2015, in which she failed to account for the entirety of the damages to the roof and exterior of the home during the covered loss on the aforementioned date.

17.   Defendant Allstate failed to adequately train and supervise Defendant Torres, resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Defendant Allstate failed to thoroughly review and properly oversee the work of this adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendant Allstate's wrongful acts and omissions set forth above and further described herein, Plaintiffs' claims have not been paid causing them to suffer damages.

18.   Defendant Allstate has failed to provide coverage for the damages sustained by Plaintiffs and improperly refused to pay Plaintiffs' claim. As a result of Defendant Allstate's unreasonable investigation, Plaintiffs' claim was improperly adjusted and not paid in full. The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment they are entitled to under the Policy.

19.   As detailed in the paragraphs below, Defendant Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

20.   To date, Defendant Allstate continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

21.   Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it has refused to pay the full amount

of proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendant Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

22. Defendant Allstate through its agent, Defendant Torres, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23. Defendant Allstate failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) (2)(A).

24. Defendants Allstate and Torres failed to explain to Plaintiffs the reasons for its refusal to pay Plaintiffs' claim. Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, without any explanation as to why full payment was not being made. Furthermore, Defendant Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The conduct of Defendants Allstate and Torres is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25. Defendant Allstate failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs have yet to receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Allstate. The

conduct of Defendant Allstate constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26.    Defendant Allstate refused to fully compensate Plaintiffs, under the terms of the Policy, even though Allstate and Defendant Torres failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Torres performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Defendants Allstate and Torres constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.    Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, as of the date of the filing of this petition, Plaintiffs have not received full payment for their claim. Defendant Allstate's conduct constitutes a

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Defendants Allstate and Torres knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

32. As a result of Defendant Allstate's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT TERRI TORRES

A. NON-COMPLIANCE WITH TEXAS INS. CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendant Allstate assigned Defendant Terri Torres to adjust the claim on its behalf. During her investigation, Defendant Terri Torres failed to properly assess Plaintiff's property damage. Specifically, during her investigation, Defendant Torres spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy

- as evidenced by her failure to properly assess all exterior damage to the dwelling (*See* §§ 11, 15).

34.    Defendant Terri Torres' conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

35.    Defendant Terri Torres is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant Allstate, because Defendant Terri Torres is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Terri Torres' misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no damages when in fact there were; (3) using her own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for underpaying/giving no compensation for Plaintiff's claims. Defendant Terri Torres' unfair

settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.    Defendant Terri Torres' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.    The unfair settlement practices of Defendant Terri Torres as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.    Defendant Terri Torres' deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

### CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

40.    Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

41.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

42.   A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

43.   A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

44.   Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.     Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52.     Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53.     Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54.     Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

55.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Torres is an agent of Defendant Allstate based on Defendant Torres' acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

56.     Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the actions and conduct of Defendant Torres including the completion of his/her duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

58.   "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Defendant Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Defendant Allstate, like other insurers, controls entirely the evaluation, processing and denial of claims.

59.   At the time of Defendant Torres' inspection and/or investigation, upon which Defendant Allstate relied entirely for its investigation, evaluation, and settling of Plaintiffs' claim, Allstate wrongfully denied Plaintiffs' losses. By not accounting for the full extent of the covered damages, Defendant Allstate did not inspect and evaluate Plaintiffs' home as if it were its own home. Defendant Allstate's investigation and evaluation was not reasonable, thus, Allstate lacked a reasonable basis for denying or only partially including payment for Plaintiffs' covered damages. Defendant Allstate's overall conduct in handling Plaintiffs' claim was not reasonable.

60.   Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

61.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

62.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

63.    As previously mentioned, the damages caused by the May 9, 2015 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws set forth above.

64.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of this claim, together with attorney's fees.

65.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

66.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

67.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

68.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

69.  Under Texas Rules of Civil Procedure 194, Plaintiffs hereby request Defendants Allstate and Terri Torres, disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: **/s/ *Samantha Fenwick***
      Samantha Fenwick
      State Bar of Texas Number: 24097682
      1110 Nasa Parkway, Suite 620
      Houston, Texas 77058
      Telephone: (281) 532-5529
      Facsimile: (281) 402-3534
      Email: Samantha@SimplyJustice.com
      *ATTORNEYS FOR PLAINTIFFS*
      *CARLOS AND RAQUEL ROQUE*

FILED
DALLAS COUNTY
5/31/2016 3:26:11 PM
FELICIA PITRE
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **DC-16-06550** _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED Carlos Roque and Raquel Roque v. Allstate Vehicle and Property Insurance Company and Terri Torres    **Tonya Pointer**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | ☒Attorney for Plaintiff/Petitioner |
| Samantha Fenwick | samantha@simplyjustice.com | Carlos Roque | ☐Pro Se Plaintiff/Petitioner |
| | | | ☐Title IV-D Agency |
| Address: | Telephone: | Raquel Roque | ☐Other: |
| 1110 Nasa Parkway, Suite 620 | 281-532-5229 | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Houston, Texas 77058 | 281-402-3534 | Allstate Vehicle and Property | |
| Signature: | State Bar No: | Insurance and | Non-Custodial Parent: |
| Sam Finnin | 24097682 | Terri Torres | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Enforcement |
| ☒Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Enforcement/Modification |
| | ☐Legal | ☐Other Property: | | ☐Paternity |
| *Foreclosure* | ☐Medical | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Support Order |
| ☐Other Foreclosure | Liability: | | | |
| ☐Franchise | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Insurance | ☐Motor Vehicle Accident | ☐Expunction | ☐Enforce Foreign Judgment | ☐Adoption/Adoption with Termination |
| ☐Landlord/Tenant | ☐Premises | ☐Judgment Nisi | ☐Habeas Corpus | ☐Child Protection |
| ☐Non-Competition | *Product Liability* | ☐Non-Disclosure | ☐Name Change | ☐Child Support |
| ☐Partnership | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Protective Order | ☐Custody or Visitation |
| ☐Other Contract: | ☐Other Product Liability | ☐Writ of Habeas Corpus— | ☐Removal of Disabilities | ☐Gestational Parenting |
| | List Product: | Pre-indictment | of Minority | ☐Grandparent Access |
| | | ☐Other: | ☐Other: | ☐Parentage/Paternity |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental Rights |
| | | | | ☐Other Parent-Child: |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | |
| ☐Termination | Competition | ☐Securities/Stock | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: | |
| | ☐Intellectual Property | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev  2/13